No. 23-2195

———————————————————

IN THE UNITED STATES COURT OF

APPEALS FOR THE FOURTH CIRCUIT

———————————————————

HARRY A. BOLDEN,

*Plaintiff - Appellant,*

v.

CAEI, INC., BALTIMORE GAS AND ELECTRIC COMPANY,

*Defendants - Appellees.*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Amicus Curiae.

———————————————————

On appeal from the United States District
Court for the District of Maryland

No. 1:21-cv-02295

———————————————

## REVISED REPLY BRIEF OF APPELLANT

———————————————

Eric Nwaubani, Esq.
Law Group International Chartered
1629 K Street, NW #300
Washington DC 20006
Telephone: (202) 446 8050
Email: ennwaubani@yahoo.com
Counsel for Appellant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................iii

INTRODUCTION ............................................................................1

ARGUMENT ..................................................................................4

   **1.** **P**LAINTIFF HAS ADDUCED EVIDENCE WARRANTING TRIAL ON HIS EXHUASTION OF ADMINSTRATIVE REMEDIES..................... 4

   **2.** PLAINTIFF HAS ADDUCED EVIDENCE SHOWING THAT THE DISTRICT COURT COMMITTED A CLEAR LEGAL ERROR WHEN IT FAILED TO APPLY THE APPROPRIATE WEIGHT IN ANALYZING THE SUBSTANTIAL IDENTITY TEST......6

      A. Plaintiff Has Adduced Evidence Showing That At The Time of Filing His Administrative Complaint, Plaintiff Should Not Have Known to Specifically Name BGE as a Respondent **....................................8**

      B. Plaintiff Has Adduced Evidence Showing Shared Interests of CAEI and BGE.............................................10

      C. Although BGE Was Not Specifically Listed as a Respondent in the MCCR Charge, it Did Not Suffer Any Actual Prejudice as a Result.......................................12

      **D.** BGE's Actions Led Plaintiff to Believe that its Relationship with the Plaintiff Was Through CAEI .....................................13

   **3.** THIS COURT HAS JURISDICTION TO CONSIDER THE DISTRICT COURT'S DENIAL OF PLAINTIFF'S MOTION FOR RECONSIDERATION................14

   4. TEMPORARY WORKER STATUS AND TITLE VII APPLICABILITY...............15

CONCLUSION ...........................................................................................17

CERTIFICATE OF COMPLIANCE............................ …………………….. . 19

CERTIFICATE OF SERVICE …........................................................................20

## TABLE OF AUTHORITIES

**Cases**

Alvarado *v.* Board of Trustees, 848 F.2d 457, 460 (4th Cir. 1988) ...........................7

Anderson, v. Liberty Lobby, Inc**.,** 477 U.S. at 255, 106 S.Ct. 2505……………1, 11

Bowe *v.* Colgate-Palmolive Co*.*, 416 F.2d 711 (7th Cir. 1969) ................................4

Chambers *v.* TRM Copy Ctrs. Corp*.,* 43 F.3d 29, 36 (2d Cir.1994) ....................1, 11

Clarke v. Flushing Manor Care Ctr., No. 02 Civ. 3079, 2003 WL 1338663, *2, 2003 U.S. Dist. LEXIS 3979, *8 . ............................................................7

*Commodity Futures Trading Commission* v. *Glencore Ltd*., 611 F.3d 1330 (Fed. Cir. 2010) ..................................................................................8

Eckerman v. KMBC-TV, No. 08-cv-00994, 2009 WL 9837587 (W.D. Mo. July 17, 2009) ..................................................................................9

Eggleston v. Chicago Journeymen Plumbers' Local 130, 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). 7

EEOC v. Dowd & Dowd, Ltd., 736 F.2d 1177 (1984) …………………………17

Fekete v. U.S. Steel Corp*.,* 424 F.2d 331, 334 (1970.................................................4

Glus v. G.C. Murphy Co*.,* 629 F.2d 248, 251 (3d Cir.), *cert. denied,*449 U.S. 949....................................................................7, 10

I*n re Acres Properties, Inc*., 100 F.3d 1307 (7th Cir. 1996.......................................8

Le Beau *v.* Libbey-Owens-Ford Co*.,* 484 F.2d 798, 799 (7th Cir. 1973) .................4

Parker v. City of New York, No. 04 CV 2257, 2004 WL 2671634, *3, 2004 U.S. Dist. LEXIS 23526, *11 (E.D.N.Y. Nov. 18, 2004) ............................................12

Senecal *v.* B.G. Lenders Serv. LLC, 976 F. Supp. 2d 199, 228 (N.D.N.Y. 2013) ...13

Smith v. Barry, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992)...........14

Terrell *v.* United States Pipe Foundry Co*.,* 644 F.2d 1112, 1123 (5th Cir. Unit B 1981) .........................................................................................................................7

*Virgo* v. *Riviera Beach, Fla*., 30 F.3d 1350 (11th Cir. 1994) ...................................13

Zhao v. State Univ. of New York, 472 F.Supp.2d 289, 306 (E.D.N.Y.2007) ..........12

Zustovich *v.* Harvard *Main., Inc.,* No. 08 Civ. 6856, 2009 WL 735062, *7, 2009 U.S. Dist. LEXIS 22640, *24. (S.D.N.Y. Mar. 20, 2009).....................................10

Other Authorities

Arthur R. Miller, Simplified Pleading, Meaningful Days in Court, and Trials on the Merits: Reflections on the Deformation of Federal Procedure, 88 N.Y.U. L. Rev. 286, 312 (2013) ....................................................................................................... 1

## <u>INTRODUCTION</u>

Summary judgment is not to be used as "a vehicle for resolving trial-worthy issues," but rather is "a motion designed simply for identifying trial-worthy issues." Arthur R. Miller, <u>Simplified Pleading, Meaningful Days in Court, and Trials on the Merits: Reflections on the Deformation of Federal Procedure</u>, 88 N.Y.U. L. Rev. 286, 312 (2013).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and the facts as to which there is no such issue warrant judgment for the movant as a matter of law. See <u>Chambers</u> <u>v. TRM Copy Ctrs. Corp.</u>, <u>43 F.3d 29, 36</u> (2d Cir.1994). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." Id.

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.  See <u>Chambers</u>, <u>43 F.3d at 36</u> (citing <u>Anderson</u>, v. <u>Liberty Lobby, Inc.</u>, <u>477 U.S. at 255</u>, <u>106 S.Ct. 2505</u>. Where the non-movant fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. Id.  As set forth in Plaintiff s Opening Brief, the District Court

in this case did not properly apply the summary judgment standard, and instead acted as the factfinder. The District Court's error requires reversal.

BGE's Response Brief likewise approaches this appeal as a trial on paper. BGE asserts facts based on its own evidence without acknowledging disputes, and simply ignores any contrary evidence. BGE reflexively mischaracterizes any evidence contrary to its litigation positions leading to absurd assertions.

BGE supplies a 14-page Statement of the Case and Statement of Facts that are not limited to facts as to which BGE can legitimately assert there is no dispute. An exhaustive refutation of each and every disputed fact in BGE's Statement of the Case and Statement of Facts is well beyond the space limitations of this Reply.

Plaintiff filed a Charge of Discrimination ("Charge") with the Maryland Commission on Civil Rights ("MCCR"). The intake form Plaintiff completed in connection with his administrative complaint with MCCR identifies BGE as a party against which Plaintiff seeks redress. JA184.  Plaintiff believed that he mentioned that he was "employed at CAEI and BGE to the intake officer, but they only wrote down what they wrote down." SA77. Thus, Plaintiff exhausted his administrative remedies against BGE. Plaintiff has introduced evidence strong enough that a reasonable juror could believe the he exhausted his administrative

2

remedies, dispensing with the application of the "substantial identity" exception in this case.

BGE's narrative surrounding Plaintiff's termination misrepresents the facts in a way that could prejudice the case. For example, BGE states "CAEI terminated Bolden based on his agitated demeanor during the February 5, 2016, meeting, and also due to inappropriate and threatening reports from three female CAEI employees that said Bolden had made inappropriate and threatening comments to them referencing that he could kill them with a knife and put their bodies in the trunk of his new car and no one would know." See Appellee's Brief, pp. 14, 21.[1] However, the evidence indicates the termination reason was alleged to be 'lack of integrity." JA132, SA 95. BGE falsely misrepresents the nature of a knife Plaintiff had in his possession at his cubicle. See Appellee's Brief, p.21.  Bolden did admit keeping a cake knife in his drawer, rather than the office kitchen, but he described the knife as "not a knife-knife," and "not sharp enough to penetrate anyone, unless done with a great amount of force." SA61-62.  BGE also asserts that Plaintiff also got "a new car on or around January 27, 2016," perhaps to support its false and misleading assertion that he made "inappropriate and threatening comments to other employees, referencing that he could kill them with a knife and put their

---

[1] References to Appellee's Brief and the EEOC's Amicus Brief are to the ECF page numbers at the top of the respective brief.

bodies in the trunk of his new car and that no one would know. Appellee's Brief, p.21

Equally misleading is the assertion that "Bolden filed a Charge of Discrimination solely against CAEI with the MCCR. See Appellee's Brief, p.21. On the contrary, Plaintiff's MCCR Intake Form references BGE as Plaintiff's employee. SA164. At Plaintiff's deposition, he was asked if he filed his MCCR charge against CAEI alone, Plaintiff mentioned that he "was employed at CAEI and BGE to the intake officer, but they only wrote down what they wrote down." SA 77

When the summary judgment standard is properly applied to the evidentiary record in this case, it is clear that genuine issues of material fact exist and require trial on Plaintiff's exhaustion of administrative remedies.

## **ARGUMENT**

### 1. **PLAINTIFF HAS ADDUCED EVIDENCE WARRANTING TRIAL ON HIS EXHUASTION OF ADMINSTRATIVE REMEDIES**

The purpose of requiring a plaintiff to file an administrative complaint is two-fold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation. See Le Beau *v.* Libbey-Owens-Ford Co*.,* 484 F.2d 798, 799 (7th Cir. 1973); Fekete v. U.S. Steel Corp*.,* 424 F.2d 331, 334 (1970); Bowe *v.* Colgate-Palmolive Co*.,* 416 F.2d 711 (7th Cir. 1969). The

initiation of charges with the MCCR, as Plaintiff noted in his Opening Brief, was done by himself and an intake officer, neither of whom possessed legal training. Plaintiff's Opening Brief showed that: (1) he has adduced evidence showing that BGE had actual notice of the MCCR complaint because Plaintiff named BGE as a party he sought remedy against for his administrative complaint, (2) Plaintiff's reference to BGE in his intake form sufficiently identifies it as a party close to CAEI and thus a proper respondent,[2] (3) he has likewise adduced evidence creating a genuine issue of material fact regarding whether participation of BGE's principal officers in the administrative hearing and subsequent statements under oath that MCCR did not interview anyone from Exelon and BGE are false, and (4) the District Court resolved evidentiary conflicts and found facts to hold otherwise. JA384-385. Plaintiff has adduced evidence reflecting that BGE's principal officer's attendance and interview already fulfilled the notice requirement's objectives. Appellant's Brief, pp. 30-35. BGE's Response attempts to argue the conflicting evidence adduced by the parties, stating that "Khadija Duncan (formerly Webster), was mentioned in the MCCR's Written Finding, and she executed a declaration stating that she was not interviewed by the MCCR." Appellee's Revised Brief, p. 22. However, it is not the Court's function on

---

[2] JA184-185

summary judgment to resolve factual conflicts. Instead, the Court should reverse

the District Court's decision and remand the case for trial.

### 2. PLAINTIFF HAS ADDUCED EVIDENCE SHOWING THAT THE DISTRICT COURT COMMITTED A CLEAR LEGAL ERROR WHEN IT FAILED TO APPLY THE APPROPRIATE WEIGHT IN ANALYZING THE SUBSTANTIAL IDENTITY TEST

The District Court recognized that the Fourth Circuit has not formally adopted

the "substantial identity" test. JA376. Nevertheless, the District Court applied the

test and determined that Plaintiff could not bring a civil action against BGE.

JA376. As submitted in the Appellant's Opening Brief, the "substantial identity

test" analysis is unnecessary because BGE's principal officer's attendance and

interview already fulfilled the notice requirement's objectives. The Court is

enjoined to consider Plaintiff's contention that Plaintiff's reference to BGE as a

party against which he sought relief satisfied the naming requirement. If this Court

concludes that it is unable to determine whether the BGE had in fact been named in

the administrative charge, or finds that BGE had not been named in the charge, it

should determine, in a manner consistent with the four substantial identity test

factors the District Court  outlined in its decision

The EEOC urges this Court to adopt the identity- of-interest exception.  EEOC

Amicus Brief, pp. 15-24.   In the event this Court recognizes and adopts the

substantial identity test, a question arises regarding whether the District Court's

analysis appropriately weighed all facts and evidence presented on the record in determining that the substantial identity exception did not apply, and Plaintiff may not bring suit against BGE.". JA376.

However, courts liberally construe this requirement. Alvarado *v.* Board of Trustees, 848 F.2d 457, 460 (4th Cir. 1988); Terrell *v.* United States Pipe Foundry Co., 644 F.2d 1112, 1123 (5th Cir. Unit B 1981), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). Where the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts. Eggleston v. Chicago Journeymen Plumbers' Local 130, 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982).

When considering the substantial identity test exception, "courts are to evaluate each factor in light of the statutory purposes underlying Title VII." Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir.), *cert. denied,*449 U.S. 949, 101 S.Ct. 351, 66 L.Ed.2d 212 (1980). The statutory purpose of eliminating employment discrimination is not the only relevant consideration. Courts should also remember that "[r]equiring a plaintiff to name all defendants in his or her EEOC charge fulfills two main goals: 1) providing notice to the charged party of the alleged violation; and 2) securing voluntary compliance with Title VII's mandates." Clarke

v. Flushing Manor Care Ctr., No. 02 Civ. 3079, 2003 WL 1338663, *2, 2003 U.S. Dist. LEXIS 3979, *8 .

### A. Plaintiff Has Adduced Evidence Showing That At The Time of Filing His Administrative Complaint, Plaintiff Should Not Have Known to Specifically Name BGE as a Respondent

The first factor asks "whether the role of the unnamed party could, through reasonable effort by the complainant be ascertained at the time of the filing of the administrative complaint. Glus, 562 F.2d at 888. At Plaintiff's deposition, he was asked if he filed his MCCR charge against CAEI alone, Plaintiff mentioned that he "was employed at CAEI and BGE to the intake officer, but they only wrote down what they wrote down." SA77. The fact that Plaintiff and the intake officer did not have any legal expertise at the time of completing the administrative process is relevant to assessing this factor. See Commodity Futures Trading Commission v. Glencore Ltd., 611 F.3d 1330 (Fed. Cir. 2010): In re Acres Properties, Inc., 100 F.3d 1307 (7th Cir. 1996). The intake form Plaintiff completed in connection with his administrative complaint with MCCR identifies BGE as a party against which the Plaintiff seeks redress. JA185.  Plaintiff believed that BGE's interests were identical to those of CAEI. At Plaintiff's deposition, it appears he was confused about whether BGE and CAEI were separate entities, but he initially testified that he did not know that BGE and CAEI were separate entities. JA230.

In arguing that Plaintiff understood BGE's role at the time of filing the administrative charge, BGE claims that Plaintiff knew that CAEI and BGE were distinct entities with separate roles at the time that he filed his Charge. Appellee's Brief, p. 43.   Even if Plaintiff knew that CAEI and BGE were distinct entities, it does not necessarily follow that Plaintiff would have known the exact role each BGE official played in the harassment and discrimination against him, which could reasonably have led to not specifically listing BGE as a Respondent in the administrative charge.

An unnamed party can potentially be included in a Title VII lawsuit if the plaintiff wasn't aware of the unnamed party's role in the alleged discrimination at the time of filing the administrative charge. The investigation prompted by the administrative charge could have reasonably encompassed the unnamed party. See Eckerman v. KMBC-TV, No. 08-cv-00994, 2009 WL 9837587 (W.D. Mo. July 17, 2009). However, based on the intake form's reference to BGE as a party against which relief was sought, and without explicitly naming it as a respondent in the administrative charge, it appears Plaintiff did not understand the role BGE played in the administrative complaint allegations, even though Plaintiff knew of BGE''s identity.

Plaintiff has adduced evidence creating a genuine issue of material fact regarding whether he should have known to explicitly list BGE as a respondent.

9

The District Court ought to have assessed BGE's role in the discrimination and harassment allegations Plaintiff referenced in his intake form. The District Court's contrary conclusion was in error.

### B. Plaintiff Has Adduced Evidence Showing Shared Interests of CAEI and BGE

The second factor requires the Court to determine "whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings." Glus I, 562 F.2d at 888). This factor is designed to measure whether "the unnamed party's interests were represented adequately at the administrative proceeding." Zustovich v. Harvard Main., Inc., No. 08 Civ. 6856, 2009 WL 735062, *7, 2009 U.S. Dist. LEXIS 22640, *24. (S.D.N.Y. Mar. 20, 2009). The evidence shows that BGE and CAEI are closely interrelated. Initially, Plaintiff was interviewed for his position by both CAEI and BGE employees. JA218-219. Further, Plaintiff believed that CAEI would not have disciplined him without notification from BGE. JA232.  The intake form indicates the alleged joint involvement of the two entities in the alleged harassment and discrimination. The MCCR investigation shows that it interviewed and obtained responses from CAEI and BGE leadership. JA167-178.  Plaintiff had a BGE email account despite being initially engaged by CAEI. JA363. MCCR's

10

Written Finding shows an interview with BGE's manager, Kadijah Webster and Ms. Watts. JA169. Based on this evidence, the District Court initially ruled that Exelon was aware of, and in fact was interviewed during, the administrative process; and, therefore that Exelon was not prejudiced by plaintiff's failure to identify Exelon as a party to his administrative charge." JA70.

For this factor, shared interest doesn't hinge on the specific business activities of the entities or location, as BGE appears to argue in its Brief. BGE also argues that because "Bolden did not address any of the considerations with respect to this second factor before the District Court, he waived any arguments with respect to such considerations." BGE Brief, p. 47. However, summary judgment standard mandates that where the non-movant fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. See Chambers, 43 F.3d at 36 (citing Anderson, 477 U.S. at 255, 106 S.Ct. 2505. Given this evidence, CAEI's interest is so similar to BGE's interest for the purpose of obtaining voluntary conciliation and compliance that it would have been unnecessary for Plaintiff to expressly list BGE in the administrative compliant even though it was listed as a party against which Plaintiff sought relief. The District Court's contrary conclusion was in error.

11

## C. Although BGE Was Not Specifically Listed as a Respondent in the MCCR Charge, it Did Not Suffer Any Actual Prejudice as a Result

Most courts in this circuit treat the existence of actual notice to the unnamed defendant as being relevant to the analysis of this factor. Under this approach, the court will measure whether the defendant suffered any actual prejudice by not being named specifically as a respondent in the plaintiff's administrative charge. Thus, courts have held that a plaintiff's failure to name or include a party in the agency complaint does not prejudice that party where it had notice of the claims against it and the opportunity to intervene. See Zhao v. State Univ. of New York, 472 F.Supp.2d 289, 306 (E.D.N.Y.2007); Parker v. City of New York, No. 04 CV 2257, 2004 WL 2671634, *3, 2004 U.S. Dist. LEXIS 23526, *11 (E.D.N.Y. Nov. 18, 2004).

Here, Plaintiff has adduced evidence showing that he listed BGE as a party against whom he sought relief during the administrative proceedings. JA185. MCCR obtained statements from BGE's principal officers, and they participated in proceedings such that they had effective attendance, and their interview already fulfilled the actual notice requirement. JA168-174.

BGE argues in its brief that BGE's officer or employee did not participate in the MCCR proceedings or engaged in settlement discussions. Appellee's Brief, pp. 52- 57. The District Court also reached the same conclusion in its summary

12

judgment decision. But that conclusion contradicts the Court's prior finding in this case. See JA68-70

As the EEOC argues in its brief, the "mere absence" of the unnamed party from the administrative proceedings is not sufficient. EEOC Amicus Brief, pp. 31-32. The unnamed party must demonstrate how they were prejudiced by the alleged lack of notice or opportunity to participate. Id.

As set forth above and in Plaintiff Opening Brief, the fact that MCCR obtained statements from some BGE employees, coupled with the similarity of interests between BGE and CAEI, suggesting that CAEI's involvement likely provided them with relevant information regarding the administrative charge. Consequently, it's less likely BGE would have presented materially different information had they been specifically named as a respondent. See Virgo v. Riviera Beach, Fla., 30 F.3d 1350 (11th Cir. 1994), Accordingly, the District Court's contrary conclusion was in error.

### D. BGE's Actions Led Plaintiff to Believe that its Relationship with the Plaintiff Was Through CAEI

In analyzing this factor, some courts consider the plaintiff's level of sophistication regarding Title VII litigation. Senecal v. B.G. Lenders Serv. LLC, 976 F. Supp. 2d 199, 228 (N.D.N.Y. 2013). Plaintiff was not represented by counsel during the administrative process. When he was asked by a staff member

13

at the MCCR for the remedy he was seeking, Plaintiff responded "I had only acted professionally in my time at CAEI and BGE; winning several awards for service and dedication…" JA184-185. The form makes provisions for the charge name, number, intake officer and description of the remedy sought. Plaintiff believed that he mentioned that he was "employed at CAEI and BGE to the intake officer, but they only wrote down what they wrote down. SA77. There is no separate provision for Plaintiff to list all the parties he intended to notify about the charge. Plaintiff's reference to BGE in his intake form sufficiently identifies it as a party close to CAEI and thus a proper respondent.

Building upon the arguments raised in Plaintiff's Opening Brief, the MCCR findings, intake form, and Plaintiff's deposition— all point to a close relationship between BGE and CAEI. This close relationship between BGE and CAEI likely led Plaintiff to believe, under reasonable circumstances, that naming CAEI in his EEOC charge also encompassed BGE.

### 3. THIS COURT HAS JURISDICTION TO CONSIDER THE DISTRICT COURT'S DENIAL OF PLAINTIFF'S MOTION FOR RECONSIDERATION

The Supreme Court has instructed that "courts should construe Rule 3 of Federal Rule of Appellate Procedure liberally when determining whether it has been complied with." Smith v. Barry, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). Thus, this Court typically enforces Rule 3 of the Federal Rule

of Appellate Procedure notice-of-appeal requirement with some leniency. <u>Jackson</u>

v. <u>Lightsey</u>, <u>775 F.3d 170, 176</u> n.2 (4th Cir. 2014)

Here, even though Plaintiff's notice of appeal was filed before the motion

for reconsideration was disposed of and a notice of appeal did not refer to a

pending motion for reconsideration, which no decision had yet been announced,

the docketing statement also lists the "date order entered disposing of any post-

judgment motion" as 11/12/2023. See Docketing Statement (Doc. 12) at 1.

Additionally, Plaintiff's Jurisdictional Statement in his Opening Brief designates

the 11/12/2023 Order, denying motion for reconsideration as being a matter subject

to this appeal.

As set forth in Plaintiff Opening Brief, the District Court abused its

discretion by denying Plaintiff's Rule 59(e) Motion for Reconsideration because

contrary to the District's Court's finding, Plaintiff's motion did not seek to

relitigate previously litigated issues since the evidence Plaintiff relied upon for his

motion was unavailable at the time of the summary judgment motion.

### 4.  TEMPORARY WORKER STATUS AND TITLE VII APPLICABILITY

Even though Plaintiff's corrected Opening Brief does not address the

applicability of Title VII to Plaintiff's employment situation, primarily because the

issue was not properly argued before the district court, BGE persists in arguing that

"Bolden stated that he was not an employee of BGE for purposes of Title VII of the Civil Rights Act of 1964" (Appellee's Brief, pp. 12, 27-28, 31). This issue is not before this Court. However, assuming *arguendo* that it was, BGE mischaracterizes Plaintiff's argument from the Original Opening Brief.

While Plaintiff's Opening Brief acknowledges his temporary worker status, it does not concede that this automatically disqualifies him from Title VII protections. On the contrary, Plaintiff contends that his temporary worker status creates a genuine dispute regarding Title VII's applicability to his specific employment circumstances (See Plaintiff's Original Opening Brief, pp. 49-51).

Therefore, Plaintiff's contention that his temporary worker status creates a genuine dispute regarding Title VII's applicability effectively argues that the specific circumstances of his employment should have been thoroughly examined on their merits. This examination should have included: (a)he nature of his wage payments, (b) the hiring process, (c) the supervision structure, (d) the level of control BGE exercised over his work, and (e) the  daily work activities and responsibilities

The purpose of such a review would be to determine whether these circumstances were factually indistinguishable from those of a regular, non-temporary employee. Importantly, such a detailed examination of the employment

relationship is not suitable for resolution under summary judgment but rather requires a trial on the merits.

This analysis is crucial because courts have consistently held that the economic realities of the working relationship, rather than mere labels or formal classifications, should govern the determination of whether an individual is protected under Title VII.  See EEOC v. Dowd & Dowd, Ltd., 736 F.2d 1177 (1984)

By conducting such a comprehensive review, it could be ascertained whether Plaintiff's working conditions and relationship with BGE were substantially similar to those of a traditional employee

Thus, while Plaintiff's Opening Brief acknowledges his temporary worker status, it does not concede that this automatically disqualifies him from Title VII protections. On the contrary, Plaintiff argues that his temporary worker status creates **a** genuine dispute regarding Title VII's applicability to his specific employment circumstances. See Plaintiff's Original Opening Brief, pp. 49-51.

## **CONCLUSION**

Under Fed. R. Civ. P. 56, disputed facts and conflicting evidence must be resolved by trial, not by judicial fiat. The District Court's decision runs afoul of

this standard. Accordingly, Plaintiff urges the Court to reverse the District Court's

decision and remand this case for trial on the merits.

Dated: March 1, 2025.

Respectfully submitted,

/s/ Eric Nwaubani
Eric  Nwaubani, Esq,
Law Group International Chartered
1629 K Street, NW #300
Washington DC 20006
Telephone: (202) 446 8050
Email: ennwaubani@yahoo.com
Attorneys for Plaintiff-Appellant Harry Bolden

## CERTIFICATE OF COMPLIANCE

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, signature block, certificates of counsel, addendum, attachments):

   [ X] this brief contains 4068 words.

2. This brief complies with the typeface and type style requirements because:

   [ X] this brief has been prepared in a proportionally spaced typeface using [Microsoft Word] in [14pt Times New Roman]

Dated: March 1, 2025

s/ Eric Nwaubani
 Eric  Nwaubani, Esq,

19

## **CERTIFICATE OF SERVICE**

I certify that, on March 5 , 2025, I electronically filed the foregoing Opening Brief of Appellant with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.


s/ Eric Nwaubani
 Eric  Nwaubani, Esq,

20