**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-2195

HARRY A. BOLDEN,

       Plaintiff - Appellant,

  v.

BALTIMORE GAS AND ELECTRIC COMPANY,

       Defendant - Appellee.

------------------------------

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

       Amicus Curiae.

Appeal from the United States District Court for the District of Maryland at Baltimore. Julie R. Rubin, District Judge. (1:21-cv-02295-JRR)

Argued: March 14, 2025                                   Decided: May 9, 2025

Before NIEMEYER, HARRIS and BERNER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished opinion. Judge Berner wrote the opinion, in which Judge Niemeyer and Judge Harris joined.

**ARGUED:** Eric Chibueze Nwaubani, LAW GROUP INTERNATIONAL, CHARTERED, Washington, D.C., for Appellant. Lindsey Anne White, JACKSON LEWIS P.C., Baltimore, Maryland, for Appellee. Chelsea Creo Sharon, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae. **ON BRIEF:** Jill S. Distler, JACKSON LEWIS P.C., Baltimore, Maryland, for Appellee. Karla Gilbride, General Counsel, Jennifer S. Goldstein, Associate General Counsel, Dara S. Smith, Assistant General Counsel, Steven Winkelman, Office of General Counsel, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae.

Unpublished opinions are not binding precedent in this circuit.

BERNER, Circuit Judge:

Harry A. Bolden sued Baltimore Gas & Electric alleging unlawful discrimination on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964. Title VII requires an employee first to exhaust his administrative remedies before bringing suit in court. This administrative exhaustion process begins when the employee files a charge with either the Equal Employment Opportunity Commission or the relevant state analogue. In his charge, the employee must set forth the basis of his claim and the name of the alleged discriminating employer.

The district court concluded that Bolden failed to present sufficient evidence that he satisfied the administrative exhaustion requirement with respect to appellee Baltimore Gas & Electric. Accordingly, the district court granted the company's motion for summary judgment. Bolden asked the district court to reconsider its order. The district court declined to do so. We affirm the district court's grant of summary judgment and dismiss for lack of jurisdiction Bolden's appeal of the district court's denial of his motion for reconsideration.

I.     Background

Bolden, a Black man, worked for CAEI as a billing specialist from 2014 until he was terminated in 2016. CAEI provided IT consulting services to various companies. Bolden worked at CAEI exclusively with one CAEI client, appellee Baltimore Gas & Electric (BGE). After he was terminated, Bolden filed a charge with the Maryland Commission on Civil Rights (MCCR)—the state agency authorized to receive such

3

charges—alleging he was terminated unlawfully because of his race and sex. In his MCCR charge intake form, Bolden named CAEI as the alleged discriminating employer. He did not name BGE. MCCR investigated Bolden's claims and found no probable cause that CAEI had discriminated against Bolden on the basis of race or sex. The agency issued Bolden a "right to sue" letter and he filed suit in federal court naming as defendants CAEI and BGE.[1]

After completion of discovery, BGE moved for summary judgment, arguing that Bolden failed to satisfy the statutory administrative exhaustion requirement because he did not name BGE in his MCCR charge. The district court agreed and granted BGE's motion. *Bolden v. CAEI, Inc.*, No. 1:21-CV-02295-JRR, 2023 WL 5938605, at *5–11 (D. Md. Sept. 12, 2023). Bolden timely appealed that order. Bolden also sought reconsideration of the summary judgment order pursuant to Federal Rule of Civil Procedure 59(e). The district court denied that motion. Bolden did not notice an appeal of the district court's denial of his motion to reconsider.

## II.   Analysis

Title VII's exhaustion requirement mandates that an employee exhaust administrative remedies against each alleged discriminating employer by filing an administrative charge naming that employer. 42 U.S.C. § 2000e-5(f)(1); *see, e.g.*, *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 544 (2019). This is commonly referred to as the

---

[1] In 2018, CAEI declared bankruptcy and it is not a party to this appeal.

Title VII "naming requirement." *Alvarado v. Bd. of Trustees of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988). The failure to name a party in an administrative charge generally constitutes a failure to exhaust. *See Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022).

In granting BGE's motion for summary judgment, the district court concluded that Bolden failed to satisfy the naming requirement with respect to BGE. *Bolden*, 2023 WL 5938605, at *10. Bolden concedes that he did not name BGE as an alleged discriminating employer in his MCCR charge. He argues that his case should nevertheless be permitted to proceed because he produced evidence demonstrating that he satisfied the "substantial identity" exception to the naming requirement. [2]

The substantial identity exception permits a plaintiff to proceed in spite of a failure to name the defendant as an alleged discriminating employer in his administrative charge if the facts demonstrate that the purposes of Title VII's naming requirement have otherwise been satisfied. *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977). The purposes of the naming requirement include providing notice to the charged party of the discrimination claim and allowing the parties an opportunity to resolve their dispute without resorting to litigation. *Alvarado*, 848 F.2d at 460.

Many courts apply a multi-factor test to determine whether a plaintiff has produced sufficient evidence to satisfy the substantial identity exception. *See, e.g.*, *Glus*, 562 F.2d at

---

[2] This exception is also sometimes referred to as the "identity of interest" exception. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 483 (5th Cir. 2014).

5

888–89; *Johnson v. Palma*, 931 F.2d 203, 209–10 (2d Cir. 1991); *Eggleston v. Chicago Journeyman Plumbers' Local 130*, 657 F.2d 890, 905–06 (7th Cir. 1981). Although our court has not adopted this test, it is often applied by the district courts in our circuit. *See, e.g.*, *EEOC v. 1618 Concepts, Inc.*, 432 F. Supp. 3d 595, 603–05 (M.D.N.C. 2020); *Crosten v. Kamauf*, 932 F. Supp. 676, 682 (D. Md. 1996).

Recognizing that Bolden did not name BGE as an alleged discriminating employer in his MCCR charge, the district court considered whether Bolden presented sufficient evidence to create a genuine issue of material fact as to any of factors of the substantial identity test. *Bolden*, 2023 WL 5938605, at *5–10. The district court concluded that Bolden failed to meet this burden. *Id.* at *10. We too assume, without deciding, that there may be circumstances under which a plaintiff may proceed without having named the defendant as an alleged discriminating employer in his administrative charge. Such circumstances do not exist here, however. We have carefully reviewed the record evidence and we agree with the district court that Bolden failed to produce sufficient evidence to create a genuine issue of material fact as to whether he satisfied the naming requirement.

Bolden raises an alternative argument for the first time on appeal. He claims that he satisfied the naming requirement because, although he did not name BGE as an alleged discriminating employer, he mentioned BGE in passing elsewhere in his MCCR charge. Because Bolden did not make this argument before the district court, we ordinarily would not consider it. *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 80 (4th Cir. 2018). There are exceptions to this rule, which apply in limited circumstances including when the error is

plain and refusal to consider the issue would result in a denial of fundamental justice. *Id.* Such circumstances do not exist here.

Finally, Bolden appeals the district court's denial of his Rule 59(e) motion for reconsideration. The district court issued its order denying Bolden's Rule 59(e) motion after Bolden filed his notice of appeal. Because he failed to notice an appeal of this district court order, we lack jurisdiction to consider it. *Wall Guy, Inc. v. Fed. Deposit Ins. Corp.*, 95 F.4th 862, 870–71 (4th Cir. 2024), *cert. denied,* 145 S. Ct. 284 (2024) ("A notice of appeal filed *before* the district court has even announced a decision on a future or pending motion cannot confer appellate jurisdiction over an appeal from a later order related to that motion.").

### III.    Conclusion

For the reasons set forth above, we affirm the district court's order granting summary judgment. The appeal of the district court's order denying reconsideration is dismissed for lack of jurisdiction.

AFFIRMED IN PART, DISMISSED IN PART